1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY TORAN,

11            Petitioner,                    No. CIV S-10-1252 GGH P

12        vs.

13

     PEOPLE OF THE STATE OF
14   CALIFORNIA,

15            Respondents.              ORDER and FINDINGS and

16   _____/       RECOMMENDATIONS

17            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an appropriately

19   completed in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C.

20   §§ 1914(a); 1915(a).  Moreover, petitioner states that he is challenging an April 19, 2010, Sutter

21   County conviction for which he was sentenced to "two years with half CTR 216," and, on the

22   face of it, petitioner has failed to exhaust his claims in state court.   Petition, p. 1.  The grounds

23   for his challenge are 1) conviction obtained by unconstitutional failure of prosecution to disclose

24   evidence to petitioner; 2) ineffective assistance of counsel.  Petition, p. 4.

25            The exhaustion of state court remedies is a prerequisite to the granting of a

26   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

                                            1

1  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

2  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

3  providing the highest state court with a full and fair opportunity to consider all claims before

4  presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

5  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

6          After reviewing the petition for habeas corpus, the court finds that petitioner has

7  failed to exhaust state court remedies.  In fact, petitioner indicates that he has not filed a direct

8  state court appeal much less proceeded on any state court habeas petition.  Petition, pp. 1-3.  Nor

9  does the recency of his sentence indicate that he has even had time to exhaust his state court

10  claims.  Thus, petitioner's  claims have not been presented to the California Supreme Court.

11  Further, there is no allegation that state court remedies are no longer available to petitioner.

12  Accordingly, the petition should be dismissed without prejudice.[2]

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Petitioner has not made the requisite showing to proceed in forma pauperis;

15          2.  The Clerk of the Court is directed to serve a copy of these findings and

16  recommendations together with a copy of the petition filed in the instant case on the Attorney

17  General of the State of California; and

18          IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

19  habeas corpus be dismissed for failure to exhaust state remedies.

20  \\\\\

21

22  _____

    [1]   A petition may be denied on the merits without exhaustion of state court remedies.  28
23  U.S.C. § 2254(b)(2).

24  [2]   Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
    limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year
25  period will start to run on the date on which the state court judgment became final by the conclusion
    of direct review or the expiration of time for seeking direct review, although the statute of limitations
26  is tolled while a properly filed application for state post-conviction or other collateral review is
    pending.  28 U.S.C. § 2244(d).

1    These findings and recommendations will be submitted to the United States

2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  fourteen days after being served with these findings and recommendations, petitioner may file

4  written objections with the court.  The document should be captioned "Objections to Findings

5  and Recommendations."  Petitioner is advised that failure to file objections within the specified

6  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

7  (9th Cir. 1991).

8  DATED: June 4, 2010

9

10                                         /s/ Gregory G. Hollows

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

11

12

   GGH:009
13  tora1252.103

14

15

16

17

18

19

20

21

22

23

24

25

26